FILED
September 27, 2011
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0003796591

ROBERT HALE McCONNELL, S.B. NO. 54088
1206 GEORGIA STREET
VALLEJO, CA 94590-6335
TELEPHONE: (707) 642-4500

ATTORNEY FOR DEBTOR RANDOLPH LEE DOLAN, ET AL.,

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

IN RE:                      CASE NO. 2011-37132 A-7

RANDOLPH LEE DOLAN, ET AL.,     DCN: RHM-01

        Debtor.

**MOTION FOR ABANDONMENT OF ASSET BY TRUSTEE, APPROVAL OF SALE OF REAL PROPERTY AND PAYMENT OF ATTORNEY FEES AND COSTS..**

Date: OCT. 11, 2011
Time: 10:00 A.M.
Dept: U.S. Bankruptcy Court
COURTROOM1
501 "I" Street
Sacramento, CA 95814
Judge: McMANUS

   Debtors hereby move the court for an Order for Abandonment of an Asset by a Trustee, Approval of Sale of Real Property located at 135 Kingsbury Drive, Chapel Hill, N.C., and payments of attorney fees and costs as follows:

1.    This case was filed on July 12, 2011. No objections have been filed by any party in interest.

2.    Duly listed as an asset on the schedules herein was the following property: Debtor's property at 132 Kingsbury Drive, Chapel Hill, N.C. 27514, a single family condo.

3.    The duly listed item of property was scheduled on Schedule A. The anticipated

|   |     |                                                                                      |
|---|-----|--------------------------------------------------------------------------------------|
| 1 |     | distribution from escrow in the form of equity in the amount of $6,768.909 exists and is |
| 2 |     | claimed as exempt on Schedule C in this case. |
| 3 | 4.  | The duly appointed Trustee in this case is GEOFFREY RICHARDS. |
| 4 | 5.  | Debtor alleges that the duly appointed Trustee as the representative of the Estate, has no |
| 5 |     | interest in the property because the net equity of the property, after deducting non |
| 6 |     | avoidable liens is less than the amount of the exemption to which Debtor is entitled. |
| 7 | 6.  | There is no net interest in this property to the estate, or, if there is any, it is of such |
| 8 | 7.  | inconsequential value that it may also be abandoned. |
| 9 | 8.  | Debtor requests the Trustee be directed to abandon the property pursuant to the provisions |
| 10|     | of 11 U.S.C. §554(b). |
| 11| 9.  | Further, debtor requests the approval of the sale of this property with the payment of valid |
| 12|     | liens against the property through escrow, as supervised by the Trustee as he desires. |
| 13| 10. | Additionally, debtor request the payment of attorney fees of $750.00 and costs of |
| 14|     | $200.00. |

WHEREFORE, Debtor prays the Court for an order ordering the abandonment of the described property by the Trustee.

Dated: SEP. 22, 20011

_____
Robert Hale McConnell
Attorney for Debtor

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION**

In this motion Debtor is requesting the court to abandon property of estate duly listed in the Schedules and petition as filed by the debtor.

11 U.S.C. § 554 provides that (b) On request of a party in interest and after notice and a hearing the court may order the trustee to abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate.

Bankruptcy Rule 6007(b) provides that "a party in interest may file and serve a motion requiring the trustee or debtor in possession to abandon property of the estate.

MEMORANDUM OF POINT AND AUTHORITIES IN SUPPORT OF MOTION